1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD ONTIVEROS,

11              Petitioner,                No. CIV S-09-1161 MCE EFB P

12       vs.

13   MICHAEL MARTEL, Acting Warden,[1]

14              Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28

17   U.S.C. § 2254. This action proceeds on the April 26, 2009 petition.[2] Respondent moves to

18   dismiss this action upon the ground it is untimely. Petitioner opposes, asserting he is entitled to

19   both statutory and equitable tolling.[3] For the reasons explained below, the court finds that the

20

21       [1]   The court hereby substitutes Warden Martel, Warden of the facility where petitioner
     currently is located, as the respondent. *See* Rule 2(a), Rules Governing § 2254 Proceedings;
22   Fed. R. Civ. P. 25(d).

23       [2]   The court deems the filing date for each of petitioner's habeas petitions to be the date
     reflected on the certificate of service for the respective petitions. *See Houstan v. Lack*, 487 U.S.
24   266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to
     prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002)
25   (applying mailbox rule to petitions filed in state court).

26       [3]   Petitioner also argues that respondent's motion should be denied as "technically
     flawed" and "defective." Dckt. No. 17 at 2-3; Dckt. No. 20 at 1. Petitioner's argument lacks

1

1   petition is untimely and therefore recommends that this action be dismissed.

2   **I.      Procedural History**

3          In 1984, petitioner was sentenced by the Alameda County Superior Court to a state

4   prison term of 25 years to life, following his conviction of first degree murder.  Dckt. No. 1 at 2.

5   On August 23, 2006, the Board of Parole Hearings ("Board") found petitioner unsuitable for

6   parole.  *See id.* at 1 (from first unnumbered exhibit, including petition filed in California

7   Supreme Court).  Thereafter, petitioner challenged the Board's decision by seeking state habeas

8   relief, beginning February 19, 2007, when he filed his superior court petition, through June 13,

9   2007, when the California Supreme Court denied his petition.  *See* Dckt. No. 13, Ex. A-F.  Next,

10  petitioner challenged the Board's decision by filing a habeas petition in this court on October 6,

11  2007.  *See Ontiveros v. Subia*, No. Civ. S-07-2245 MCE EFB P, Dckt. No. 1.[4]  On September 26,

12  2008, the court dismissed the petition as unexhausted and judgment was entered.  *Id.*, Dckt. No.

13  13, 14.  Thereafter, petitioner returned to the California Supreme Court with his challenge to the

14  Board's decision.  Dckt. No. 13, Ex. G.  On April 26, 2009, petitioner filed the instant petition,

15  which also challenges the Board's 2006 decision to deny petitioner parole.  Dckt. No. 1.

16  **II.     Statute of Limitations**

17         The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C.

18  § 2244(d)(1).  It provides as follows:

19         A 1-year period of limitation shall apply to an application for a writ of habeas
           corpus by a person in custody pursuant to the judgment of a State court.  The
20         limitation period shall run from the latest of –

21         (A) the date on which the judgment became final by the conclusion of direct
           review or the expiration of the time for seeking such review;
22

23         (B) the date on which the impediment to filing an application created by State
           action in violation of the Constitution or laws of the United States is removed, if

24  _____

25  merit, and the court will consider the motion.

26         [4] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*,
    803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

1    the applicant was prevented from filing by such State action;

2    (C) the date on which the constitutional right asserted was initially recognized by
     the Supreme Court, if the right has been newly recognized by the Supreme Court
3    and made retroactively applicable to cases on collateral review; or

4    (D) the date on which the factual predicate of the claim or claims presented could
     have been discovered through the exercise of due diligence.
5

6    The statute of limitations for habeas petitions challenging parole suitability hearings is based on

7    § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or claims could have

8    been discovered through the exercise of due diligence. *Redd v. McGrath*, 343 F.3d 1077 (9th

9    Cir. 2003). Courts ordinarily deem the factual predicate to have been discovered the day the

10   decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole.

11   *See Gray v. Cramer*, No. S-07-1928, 2009 U.S. Dist. LEXIS 25293, at *6-7 (E.D. Cal. Mar. 27,

12   2009); *Woods v. Salazar*, No. CV 07-7197, 2009 U.S. Dist. LEXIS 64573, at *16-17 (C.D. Cal.

13   Mar. 23, 2009), *adopted by* 2009 U.S. Dist. LEXIS 64575; *Nelson v. Clark*, No. 1:08-cv-0114,

14   2008 U.S. Dist. LEXIS 48682, at *7-9 (E.D. Cal. June 23, 2008), *adopted in full by* 2008 U.S.

15   Dist. LEXIS 71061.

16         When a petitioner properly files a state post-conviction application, the limitations period

17   is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C.

18   § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in

19   compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8

20   (2000). In California, a properly filed post-conviction application is "pending" during the

21   intervals between a lower court decision and filing a new petition in a higher court. *Carey v.*

22   *Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for

23   statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

24         The limitations period may also be equitably tolled where a habeas petitioner establishes

25   two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

26   circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this

1    pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable

2    tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that

3    despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-*

4    *Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

5        Petitioner has the burden of showing facts entitling him to statutory and equitable tolling.

6    *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065

7    (9th Cir. 2002).

8    **III.    Analysis**

9        Here, the Board's August 23, 2006 decision to deny parole was only a proposed decision

10   that did not become final until 120 days after the hearing, on December 21, 2006.  *See* Cal. Penal

11   Code § 3041(b).  Because there was no final decision until 120 days after the hearing, the factual

12   predicate of petitioner's claims and the claims themselves were not ripe for review before that

13   date.  Accordingly, the limitations period accrued on December 21, 2006, the day the Board's

14   decision became final, and petitioner had one year thereafter to file a timely petition, i.e., until

15   December 21, 2007.[5]  Absent tolling, the instant petition is over one year late.

16       Respondent allows for statutory tolling for the time during which petitioner's first round

17   of state habeas petitions was pending, from February 19, 2007 until June 13, 2007 (114 days).[6]

18   _____

19       [5] In his opposition, petitioner mistakenly asserts that the Board's decision did not
     become final until January 20, 2007.  Dckt. No. 17 at 1.  While the Governor has 30 days within
20   which to review the Board's decision, this does not change the date by that the Board's decision
     became final, nor does it change the date by which the factual predicate of petitioner's claims
21   could have been discovered.  *See* Cal. Pen. Code § 3041.2.

22       [6] Petitioner cites *In re Burdan*,169 Cal. App. 4th 18 (2008) as grounds for further tolling
     of the statute of limitations.  Dckt. No. 17 at 5-7.  In *Burdan*, a California appellate court found
23   that in the context of a challenge to a denial of parole, a pro se prisoner's unjustified 10-month
     delay in filing a habeas petition in the appellate court after the superior court's denial of a similar
     petition is not unreasonable, as a matter of state law.  169 Cal. App. 4th at 31.
24       This court has previously looked to *Burdan* for guidance as to whether a state petition
     was filed within a reasonable time under California law, and therefore "pending," for purposes of
25   statutory tolling of the federal limitation period.  *See Espinoza v. Schwarzenegger*, No. Civ. S-
     07-2730 MCE EFB P, 2010 U.S. Dist. LEXIS 3382 (E.D. Cal. Jan. 13, 2010).  Here, however,
26   petitioner is already receiving the benefit of statutory tolling for the time during which his first

4

*See* Dckt. No. 13 at 2, 3-4.  However, respondent contends that petitioner is not entitled to statutory tolling for the time during which his first federal petition was pending or the time during which his second state supreme court petition was pending.  *Id.*  Respondent's position is correct, as a federal habeas application is not an "application for State post-conviction or other collateral review" and thus, cannot provide a basis for statutory tolling.  28 U.S.C. § 2244(d)(2); *Duncan*, 533 U.S. at 181-82.  With the allowed statutory tolling (114 days), petitioner had until April 14, 2008 to file the instant petition.  However, it was not until October 21, 2008 that petitioner filed his second petition with the state supreme court.  Dckt. No. 13, Ex. G.  The limitation period cannot be re-started when it has already ended by the time a state petition is filed.  *Ferguson v. Palmateer*, 321 F. 3d 820, 823 (9th Cir. 2003).  Thus, petitioner's second petition filed with the California Supreme Court cannot provide a basis for statutory tolling.

A prisoner is entitled to equitable tolling "only if extraordinary circumstances beyond [his] control make it impossible to file a petition on time."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted).  Petitioner asserts he is entitled to equitable tolling because of a "documented learning disability," having no education beyond the third grade, his pro se status, the fact that he is indigent, unspecified prison lockdowns, and his inability to obtain assistance from other inmates.  Dckt. No. 17 at 3-5; *see also* Dckt. No. 20, Ex. A (including: a declaration of another inmate, stating that petitioner lacks the intelligence and ability to research and prepare legal documents; documents dated July 2000, signed by senior psychologist, and noting a "reasonable possibility" that petitioner has "a significant learning disability"; academic transcripts from 1976 through 1980, showing petitioner's poor academic performance; and petitioner's negative "Education Progress Report" from 1998).  However, petitioner fails to demonstrate how any of these circumstances made it impossible for him to timely file his petition.

_____

round of state habeas petitions was pending.  Petitioner's reliance on *Burdan* is therefore misplaced, and the reasoning of *Burdan* does not entitle petitioner to any additional tolling.

1    Although petitioner is a pro se litigant and/or may have limited education or learning

2   ability,  his ignorance of the law does not constitute an extraordinary circumstance that would

3   warrant equitable tolling.  *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see*

4   *also Humphrey v. Clark*, No. CV 09-4035 GAF (DTB), 2009 U.S. Dist. LEXIS 122867, *9-15

5   (C.D. Cal. Nov. 3, 2009) (citing cases in support of propositions that illiteracy/below average

6   intelligence do not constitute extraordinary circumstances warranting equitable tolling).

7   Moreover, while petitioner may have a learning disability and may be uneducated, he has not

8   alleged that such circumstances caused his petition to be untimely.  Without specific allegations

9   or evidence of how petitioner's circumstances actually caused him to not be able to timely file

10  despite his diligence, the court cannot find that he is entitled to equitable tolling.  *Cf. Laws v.*

11  *Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003) (remanding case for further factual

12  development where petitioner alleged in a verified pleading that his medication "deprived [him]

13  of any kind of as consciousness" during the years that he sought equitable tolling, and

14  respondent did not rebut this allegation).

15    Moreover, respondent points out that from June 13, 2007, when the California Supreme

16  Court denied petitioner's first petition, until April of 2009, when petitioner filed the instant

17  petition, petitioner filed 24 documents in five different cases in this court.  Dckt. No. 19 at 3, Ex.

18  1-5 (including motions for appointment of counsel, requests for status, an opposition to a motion

19  for summary judgment, an opposition to a motion to dismiss, objections to findings and

20  recommendations, and petitions for writ of habeas corpus).  Petitioner also filed six documents in

21  the first federal habeas action he commenced to challenge the Board's 2006 parole denial.  Dckt.

22  No. 19, Ex. 6.  During this time period petitioner also filed ten documents in three different

23  actions before the Court of Appeals for the Ninth Circuit.  *Id.*, Ex. 7-9.  Based on this record, the

24  court must agree with respondent that petitioner's "extensive litigation history" is inconsistent

25  with the notion that petitioner's learning disability was the "but for" cause of his untimeliness.

26  *Id.* at 3-4 (citing *Bryant v. Ariz. Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007)); *see also Tibbs*

1   *v. Adams*, No. Civ. S-05-2334 LKK KJM P, 2009 U.S. Dist. LEXIS 90551, at *18 (E.D. Cal.

2   Sept. 29, 2009) (finding petitioner's "real-world achievements" precluded equitable tolling

3   despite petitioner's "comprehension difficulties.").

4          Finally, petitioner claims that the periods of time during which his first federal petition,

5   and his second state supreme court petition were pending, should not be counted against him, as

6   these delays were not petitioner's fault and should be considered "extraordinary circumstances"

7   beyond his control.  Dckt. No. 17 at 3, 4, 8.  However, petitioner was required to first present all

8   of his claims to the California Supreme Court and await that court's decision before seeking

9   federal habeas relief.  Instead, petitioner filed an unexhausted federal petition.  The statute of

10  limitations expired while the unexhausted federal petition was pending.  *See Ontiveros v. Subia*,

11  Civ. S-07-2245 MCE EFB P (petition pending from October 6, 2007 to September 26, 2008).

12  Petitioner's mistake in this regard does not constitute an extraordinary circumstance beyond his

13  control warranting equitable tolling.  *See Serrano v. Clay*, No. CV 09-2103-DDP (JEM), 2009

14  U.S. Dist. LEXIS 124434, at *11-15 (E.D. Cal. Oct. 20, 2009) (no equitable tolling for period in

15  which first and unexhausted petition was pending), *adopted in full by* 2010 U.S. Dist.

16  LEXIS 8589; *Parnell v. Evans*, No. C. 05-4324 SBA (PR), 2009 U.S. Dist. LEXIS 24475 , at *9-

17  10 (N.D. Cal. Mar. 16, 2009) ("Any claim of ignorance of the exhaustion requirement, statute of

18  limitations, or statutory tolling rules does not constitute an extraordinary circumstance

19  warranting equitable tolling.").  Moreover, and contrary to petitioner's assertions, in dismissing

20  petitioner's fully unexhausted petition, the court was not required to inform petitioner that the

21  limitation period had expired at the time judgment was entered, and did not mislead petitioner in

22  any way.  *See* Dckt. No. 20 at 4; *see also Jiminez v. Rice*, 276 F.3d 476, 481 (9th Cir. 2001)

23  (holding that district courts must dismiss habeas petitions which contain only unexhausted

24  claims).

25  ////

26  ////

7

**IV.   Conclusion**

For the foregoing reasons, the court concludes that respondent's motion to dismiss this action as time-barred must be granted.

The court also finds that an evidentiary hearing on the equitable tolling issue, *see* Dckt. No. 17 at 5, is unnecessary, and that petitioner's requests for the appointment of counsel should be denied. *See id.* at 5, 10; Dckt. No. 20 at 1.

Accordingly, it is hereby ORDERED that petitioner's requests for appointment of counsel are denied.

Further, it is hereby RECOMMENDED that:

1. Petitioner's request for an evidentiary hearing on the issue of equitable tolling be denied;

2. Respondent's October 20, 2009 motion to dismiss the petition as barred by the statute of limitations be granted; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing

////

////

////

Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  July 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9